# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 6461 | DATE | 2/19/2004 |
| CASE TITLE | Howell vs. National Waste Service | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held. For the reasons stated in the attached memorandum opinion and order, defendant's motion to dismiss is granted. Howell's complaint is dismissed with prejudice.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | FEB 20 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | IS | 12 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | | |
| MF | courtroom deputy's initials | '04 FEB 19 PM 3:08 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DAVID HOWELL, )
) FEB 2 0 2004
    Plaintiffs, )
) No. 03 C 6461
v. )
)
NATIONAL WASTE SERVICE, ) Judge John W. Darrah
)
    Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiff, David Howell, commenced an action, *pro se*, against Defendant, National Waste Service, alleging his employment was terminated in violation of the American with Disabilities Act and failure of his employer to accommodate his religion. Before this Court is Defendant's Motion to Dismiss. Howell did not file a response to Defendant's motion.

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any inferences reasonably drawn therefrom in the light most favorable to the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claims that would entitle it to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

A reading of Howell's Complaint and Charge of Discrimination with the Equal Employment Opportunity Commission supports the following summary of the alleged conduct of the parties.

On October 10, 2002, Howell filed a Charge of Discrimination with the EEOC. Howell alleged that he began working as a truck driver for the Defendant on March 25, 2000. On September 26, 2001, Howell sustained a work-related injury that resulted in his becoming disabled. Howell was released back to work on June 8, 2002. At that time, Defendant informed Howell that

he had been terminated, effective October 16, 2001, for failing to call or show up at work. Howell alleged that he believed he had been discriminated against on the basis of his disability in violation of the ADA. In his EEOC charge, Howell checked the box for disability discrimination; he did not check any other box, including the box for discrimination based on religion. On May 16, 2003, Howell received a Dismissal and Notice of Right to Sue from the EEOC.

On September 12, 2003, Howell filed a *pro se* Complaint of Employment Discrimination in which he indicated that he was discriminated against because of his disability. In his Complaint, Howell did not check the box alleging discrimination based on his religion; but he did check the box indicating that the Defendant failed to accommodate his religion. In the section for facts supporting his claim, Howell stated, "When (sic) I damage[d] my right shoulder, the boss Kevin said David [is] no good to the company with one arm."

Defendant argues that Howell's claims are time barred because he failed to timely file his Complaint within ninety days of receiving his Dismissal and Notice of Right to Sue notification.

Claims for discrimination must be filed within ninety days after the receipt of a Dismissal and Notice of Right to Sue from EEOC. If a plaintiff fails to file suit within this time frame, his claims are time-barred and must be dismissed with prejudice. *See Houston v. Sidley & Austin*, 185 F.3d 837, 838-39 (7th Cir. 1999).

Here, Howell received his Dismissal and Notice of Right to Sue from the EEOC on May 16, 2003. Accordingly, he was required to file suit on or before August 16, 2003. Howell did not file suit until September 12, 2003. Accordingly, his claims are time-barred.

Furthermore, Howell's discrimination claim would also be dismissed because Howell failed to exhaust his administrative remedies for this claim.

Title VII plaintiffs must initially bring a charge with the appropriate administrative body, *i.e.*, EEOC, EEO, before pursuing a claim in federal court; and, thus, Title VII claims cannot be brought if they were not included in the plaintiff's EEOC complaint. *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 864 (7th Cir. 1985) (*Babrocky*). An exception to this general rule, which allows a claim not included in the EEOC complaint to be pursued in federal court, exists when that subsequent claim is "reasonably related" to the claim that was included in the EEOC charge. *Babrocky*, 773 F.2d at 864. To be reasonably related, a factual relationship must exist between both claims; specifically, a claim in a Title VII plaintiff's complaint and an EEOC charge are reasonably related when the subsequent claim can be reasonably expected to be developed from an investigation of the allegations in the EEOC charge. *Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994).

Courts will give Title VII *pro se* plaintiffs leeway in regards to the administrative specificity requirement in EEOC complaints. The basis for this liberal construction is to give *pro se* plaintiffs leeway by construing their allegations in light of the strongest arguments that they may suggest when deciding whether the claims in the complaint are encompassed by the EEOC charge. *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998).

Here, however, Howell only alleged that his employment was terminated because of his disability. There is no discussion or even mention of religion within the EEOC charge, and a claim for religious discrimination cannot be reasonably expected to be developed from an investigation of the allegations in the EEOC charge.

Based on the above, Defendant's Motion to Dismiss is granted. Howell's Complaint is dismissed with prejudice.

Dated: February 19, 2004

JOHN W. DARRAH
United States District Judge